AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
for the

In the Matter of the Seizure of )
*(Briefly describe the property to be seized)* )
$59,639.00 held in East West Bank account number ) Case No. 2:22-cr-370
2066032018 )
)
)

**APPLICATION FOR A WARRANT
TO SEIZE PROPERTY SUBJECT TO FORFEITURE**

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the __Central__ District of __California__ is subject to forfeiture to the United States of America under __18__ U.S.C. § __981(a)(1)(D)__ *(describe the property)*:

$59,639.00 in funds currently located in the TARGET ACCOUNT, which is described in more detail in the affidavit of Special Agent Robert Tartaglia.

The application is based on these facts:
See affidavit of Special Agent Robert Tartaglia.

☑ Continued on the attached sheet.

_____
*Applicant's signature*

Robert Tartaglia, FBI Special Agent
*Printed name and title*

Sworn to me via telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3).

Date: __August 31, 2021__

_____
*Judge's signature*

City and state: Charleston, South Carolina

Mary Gordon Baker, U.S. Magitrate Judge
*Printed name and title*

I, Robert Tartaglia, being first duly sworn, hereby depose and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), and as such, I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code and am empowered by law to conduct investigations and to make arrests for offenses enumerated in Section 2516 of Title 18 of the United States Code.

2. I have been employed as a Special Agent (SA) of the FBI since May 2016. I have been assigned investigative responsibility in the areas of cyber and computer crimes in the Columbia Field Office of the FBI. Prior to my appointment as an SA, I was employed by the FBI as a Staff Operations Specialist, a position that provides direct investigative support to FBI cases.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended merely to show that there is sufficient evidence for the requested seizure warrant and does not set forth all of my knowledge about this matter.

4. On July 12, 2021, Carol Godwin (Godwin) opened an email she received that had a Microsoft logo on it. The email stated that she had been charged a $259.99 fee for Windows VPN software two-year renewal. The email was sent from "Billing team vpnsmtech@scchealthcentre.com.au." It was sent on July 12, 2021 at 4:32 AM. The Subject Line of the email stated: "Your Order #0215756565 palced successfully." In July 2020, Godwin purchased an HP laptop that included one free year of software coverage, and she believed this email was related to the software's renewal.

5. Godwin called the phone number provided in the email to dispute the charge. She spoke for about twenty minutes with a male who identified himself as Jason Parker (Parker). Parker told Godwin she would be refunded the $259.99 back into her bank account in increments of $59.99 and $200.00.

6. While on the phone with Parker, Godwin was on her HP laptop, and Parker told her to type in $59.99 but the screen was back and rolling with white characters. The screen remained black and rolled quickly for some minutes. Godwin told Parker there was something wrong with her computer, and Parker instructed Godwin not to turn it off. According to Godwin, Parker sounded young and perhaps with a slight Asian accent.

7. Parker told Godwin a mistake was made and $59,999.00 was typed in rather than $59.99. Parker said $59,999.00 was deposited into her Navy Federal Credit Union (NFCU) checking account rather than the $59.99 refund she was supposed to receive.

8. Godwin knew that her NFCU checking account had a balance of $5.00. Her NFCU money market account had a balance of approximately $83,000.00. Suddenly, her computer screen changed from the black with rolling white characters to the online display of her NFCU account balances which showed a balance of $60,004.00 in her checking account and $83,000.00 in her money market account.

9. This shocked Godwin because she saw that her checking balance increased $59,999.00 as Parker had stated. Parker told Godwin that the mistaken over-reimbursement into her checking account must be returned by domestic wire transfer. Godwin told Parker she was not comfortable with this request. Godwin then hung up on Parker.

10. Godwin called NFCU to verify the increased checking balance of $60,004.00 and to explain what just occurred. The NFCU representative told Godwin to go to a branch or write a request online at the NFCU message center.

11. Parker called Godwin back, and she saw on her computer screen a displayed message being typed by someone other than her who had remote access to her computer. The message was directing funds be wired to East West Bank, 135 N. Los Robles Avenue, 7th Floor, Pasadena, California, 91101, account name: Zhehua Chen, routing number: 322070381, bank account number: 2161959257. Parker was typing on her computer, and Godwin told Parker to stop immediately.

12. Godwin hung up and called NFCU. Before she got through to the appropriate department, she received an incoming call from an individual whom she thought was a NFCU representative. A male voice identified himself as Erick. He did not ask her to confirm her account information or identity. Erick said her request to wire money was received, but because of the large amount of the transfer, other colleagues had to approve it.

13. Erick asked if the large transfer amount was a gift. Godwin said it was not and explained that her online NFCU accounts page showed an increased balance from $5.00 to $60,004.00 in her checking account, that it must be returned by domestic wire transfer, and that no funds were to come from her NFCU money market account.

14. The next day, on July 13, 2021, Godwin received a call around noon Eastern Daylight Time from Parker via telephone number 209-508-8341. Parker said he was calling her early, Pacific Daylight Time, before going to his office. Because East West Bank was still closed, he asked if the wire transfer was made. Godwin did not know the status of the transfer.

15. Godwin received another call from Parker later in the day. She told him she was very nervous about the transaction. Parker stated that Godwin was like his grandmother and he would not hurt her. He told Godwin he knew all her accounts because they are linked to her Social Security Number.

16. On July 14, 2021, Godwin logged into her NFCU online account and saw that her money market account, which had a balance of $83,000.00, had a balance of approximately $23,000.00. Godwin knew she had been defrauded. She called NFCU to report what happened. Godwin tried to call both phone numbers she had for Parker, 833-350-2703 and 209-508-8341, with no answer.

17. I believe that Godwin was a victim of a social engineering technique that often targets elderly individuals and uses Remote Desktop Software (RDS). Parker had gained access to Godwin's computer and was able to see what she saw on her screen and take control of Godwin's computer. An example of this type of software is called TeamViewer. With this software, Parker was able to see Godwin's NFCU page with the account balances. Parker knew that there was a $5.00. balance in her checking account. I believe that Parker was able to alter the NFCU page by manipulating the HyperText Markup Language (HTML), which is the code that allows text to be displayed on a webpage. He added the $59,999.00 to the $5.00 to make it display $60,004.00; however, no change in her actual account total occurred at all. Had Godwin refreshed the page, it would have returned to showing the correct balance of $5.00. Regarding the black screen with the rolling white text, I believe that Parker was using Command Prompt, which is a Windows application used to execute commands. The rolling white text was Parker executing commands while having access to Godwin's computer, which I believe was a distraction intended to confuse Godwin.

18. On July 14, 2021, the FBI Columbia Field Office learned of the fraud that targeted Godwin. The FBI has an entity established out of Headquarters called the Domestic Recovery Team (DRT). The DRT has an established network with financial institutions across the United States, and when a fraudulent wire transfer occurs, the DRT contacts the recipient bank and requests the bank freeze the funds and return them to the originating bank. The DRT contacted East West Bank, 135 N. Los Robles Avenue, 7th Floor, Pasadena, California, 91101, regarding account name: Zhehua Chen, routing number: 322070381 and bank account number: 2161959257. The DRT requested that the funds transferred into East West Bank account number 2161959257 from Godwin's NFCU account number 3065963476 be frozen and returned to Godwin's account.

19. On July 15, 2021, East West Bank notified the DRT that East West Bank account number 2161959257 has been closed and there no funds to recover. A follow up with East West Bank's Fraud Investigation Team Lead Tania Gomez reveled that the funds in East West Bank account number 2161959257 were transferred to the following bank: HSBC Singapore, Account number 056601032221, Society for World Interbank Financial Telecommunication (SWIFT) code: HSBCSGS2XXX, account name: Yin Zhipeng, amount: $59,599.00.

20. FBI Headquarters also has an entity called CyWatch, which maintains a network with financial institutions across the world through the FBI Legal Attaché. On July 19, 2021, CyWatch contacted FBI Legal Attaché Singapore and requested

        the monies in HSBC Singapore, account number 056601032221, account name: Yin Zhipeng, amount: $59,599.00 be frozen and returned to East West Bank.

21. FBI Legal Attaché Singapore contacted the Singapore Police Force (SPF) to request that the monies in HSBC Singapore, Account number 056601032221, account name: Yin Zhipeng, amount: $59,599.00 be frozen.

22. On July 20, 2021, SPF notified FBI Legal Attaché Singapore that the monies were already out of HSBC Singapore, Account number 056601032221, account name: Yin Zhipeng. However, Darren NG of the SPF provided FBI Legal Attaché Singapore the following spreadsheet outlining what happened to the funds that were in HSBC Singapore, Account number 056601032221, account name: Yin Zhipeng. SPF noted that the below information was provided informally, and SPF would need to verify against the actual bank records for accuracy:

| S/n | Date | Amount (USD) | Remitter jurisdiction | Remitter / Bank / Account | Beneficiary jurisdiction | Beneficiary / Bank / Account | Remarks |
|---|---|---|---|---|---|---|---|
| 1 | 13/7/2021 | $59,599 | US | Unknown / East West Bank / Unknown | Singapore | Yin Zhipeng / HSBC / 056601032221 | Funds remitted to another HSBC account in Singapore. See (2) and (3) |
| 2 | Unknown | $35,240 | Singapore | Yin Zhipeng / HSBC / 056601032221 | Singapore | Yu Daoming / HSBC / 056564784221 | N.A. |
| 3 | Unknown | $24,360 | Singapore | Yin Zhipeng / HSBC / 056601032221 | Singapore | Yu Daoming / HSBC / 056564784221 | N.A. |
| 4 | 16/7/2021 | $100,000 | Singapore | Yu Daoming / HSBC / 056564784221 | US | Ruyang SHAN / East West Bank / 2066032018 | $35,240 from (2) comingled with $64,760 from another suspected mule account |
| 5 | 16/7/2021 | $20,810 | Singapore | Yu Daoming / HSBC / 056564784221 | Hong Kong | HU Yusang / HSBC / 841418916833 | $24,360 from (3) comingled with $14,955 from another suspected mule account |
| 6 | Unknown | $14,000 | Singapore | Yu Daoming / HSBC / 056564784221 | US | Zhang Mingjie / JP Morgan New York / | Balance amount from (5) above |

| | | | | | | 3184607940 | $24,360 + $14,955 |
|---|---|---|---|---|---|---|---|

23. From the above spreadsheet provided to the FBI by the SPF, I believe that row one reflects that on July 13, 2021, $59,599.00 was transferred from East West Bank, account name: Zhehua Chen, routing number: 322070381, bank account number: 2161959257 to HSBC Singapore, Account number 056601032221, account name: Yin Zhipeng.

24. I believe rows two and three reflect that account number 056601032221, account name: Yin Zhipeng, took the $59,599.00 and split it into the two amounts of $35,240.00 and $24,360 and transferred both into another HSBC Singapore account number 056564784221, account name: Yu Daoming.

25. I believe row four reflects that, on July 17, 2021, HSBC Singapore account number 056564784221, account name: Yu Daoming, took the $35,240.00 from row two and comingled it with $64,760 from another account that is suspected by the SPF to be a mule account and transferred that total amount of approximately $100,000.00 to East West Bank, account name Ruyang Shan, account number 2066032018.

26. I believe row five reflects that HSBC Singapore account number 056564784221, account name: Yu Daoming, took the $24,360 from row three and comingled it with $14,955.00 from another account that is suspected by the SPF to be a mule account and transferred a total amount of approximately $20,810.00 to HSBC account name Hu Yusang, account number 841418916833.

27. I believe row six reflects that HSBC Singapore account number 056564784221, account name: Yu Daoming, took the $24,360 from row three and comingled it with $14,955.00 from another account that is suspected by the SPF to be a mule account and transferred a total amount of approximately $14,000.00 to JP Morgan Bank, New York account name Zhang Mingjie, account number 3184607940.

28. I am requesting the seizure of $59,639.00 from East West Bank, account name Ruyang Shan, account number 2066032018. East West Bank currently has a freeze on account number 2066032018, which contains approximately $100,000.00. That amount was transferred in when HSBC Singapore account number 056564784221, account name: Yu Daoming took the $35,240.00 from row two and comingled it with $64,760.00 from another account that is suspected by the SPF to be a mule account. Once commingled, the funds totaling approximately $100,000.00 were transferred from HBSC Singapore to the target East West Bank account.

29. I believe that there is probable cause to seize $59,639.00 from East West Bank, account name Ruyang Shan, account number 2066032018. Godwin's

monies (totaling $59,639.00) went from her NFCU money marketing account number 3065963476 to East West Bank account number 2161959257. From East West Bank account number 2161959257, $59,599.00[1] was transferred to HSBC Singapore, account number 056601032221, account name: Yin Zhipeng. From HSBC Singapore, account number 056601032221, account name: Yin Zhipeng, it was split and $35,240.00 went to HSBC Singapore account number 056564784221, account name: Yu Daoming. From HSBC Singapore account number 056564784221, account name: Yu Daoming, the $35,240.00 was comingled it with $64,760, from another account that is suspected by the SPF to be a mule account and transferred that total amount of approximately $100,000.00 to East West Bank, account name Ruyang Shan, account number 2066032018.

30. Based on the information provided above, I believe probable cause exists that East West Bank account number 2066032018 contains monies, funds, or other assets derived wholly or in part from wire fraud, in violation of 18 U.S.C. § 1343.

31. I submit that there is probable cause to believe that the funds in the TARGET ACCOUNT listed below is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(D), and that a seizure warrant for the funds may be issued pursuant to 21 U.S.C. § 853(f) (governing issuance of criminal seizure warrants), 18 U.S.C. § 981(b) (governing issuance of civil seizure warrants), and 18 U.S.C. § 984(a)(1) ("In any forfeiture action in rem in which the subject property is cash . . . (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property."). Because funds contained in bank accounts can easily be dissipated and transferred, I submit that a restraining order under 21 U.S.C. § 853(e) would not be sufficient to assure the availability of the funds for forfeiture. Accordingly, I believe that a warrant authorizing the seizure of $59,639.00, which is the total amount transferred from Godwin's account to the East West Bank account, is necessary.

**East West Bank, account name Ruyang Shan, account number 2066032018.**

32. I request the court issue a Seizure Warrant for funds in an amount up to $59,639.00 contained in the aforementioned account.

---

[1] I believe that costs incurred with the wire transfer of funds accounts for the forty dollar difference between the $59,639.00 transferred from Godwin's account to East West Bank, and the $59,599.00 transferred from the East West Bank account to HBSC Singapore.

I swear, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

_____
Robert Tartaglia, Special Agent
Federal Bureau of Investigation

SWORN TO ME VIA TELEPHONE OR
OTHER RELIABLE ELECTRONIC MEANS
AND SIGNED BY ME PURSUANT TO
FED. R. CRIM. P. 4.1 AND 4(d) OR 41(d)(3),
AS APPLICABLE

This __31st__ day of August 2021
Charleston, South Carolina

_____
THE ~~HONORABLE~~ MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE